{¶ 12} I respectfully dissent from the majority decision to dismiss the action sua sponte. While I would deny relator's application for a peremptory writ, I would grant the application for an alternative writ of prohibition and a show cause hearing for the reasons outlined below.
 {¶ 13} While I acknowledge the majority's reliance on Webb, supra, I do not believe the Supreme Court's reference to the August 25 date in that opinion reconciles the inconsistency between the language of R.C. 1.14
as applied to R.C. 731.28 and R.C. 3501.02. The court in Webb did not address the issue raised here, that is, which statute is controlling, R.C. 731.28 or R.C. 3501.02. In Webb, the clerk failed to timely certify the petitions. The court in Webb referenced the August 25 date only in analyzing the clerk's delay in certification. Here, there was no delay in the certification process. The petitions were either submitted one day late, applying R.C. 731.28, or timely, applying R.C. 3501.02, depending on which statute is deemed controlling.
 {¶ 14} The Secretary of State's reliance on a nonstatutory "election calendar" to resolve the inconsistency between these two statutes is, at best, troubling. The Ohio legislature chose to insert the word "subsequent" in R.C. 731.28, hence making it at least facially at odds with R.C. 3501.02 as applied through R.C. 1.14. The questions of whether these statutes are general or specific, or which statute is controlling, remain unresolved.
 {¶ 15} In addition, I acknowledge the case law supporting the view that election officials should permit, rather than preclude, the people from deciding initiative provisions. Nevertheless, at a minimum, the apparent conflict between these statutes should be formally resolved.